IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-248-BO

| | |
|---|---|
| CALVIN BULLOCK,       )<br>    Plaintiff,       )<br>       )<br>v.       )<br>       )<br>CAROLYN W. COLVIN,       )<br>*Acting Commissioner of Social Security*,       )<br>    Defendant.       ) | O R D E R |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on October 31, 2013, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively applied for DIB and SSI on August 25, 2009, alleging disability since August 6, 2009. His claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff met the insured status requirements and had not engaged in any substantial gainful activity since his alleged onset date at step one, the ALJ determined that plaintiff had the following severe impairments: seronegative rheumatoid arthritis, carpal tunnel syndrome, hypertension, and diabetes mellitus. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and

found that plaintiff had a residual functional capacity (RFC) to perform sedentary work with additional limitations. Plaintiff was found to be unable to perform any past relevant work, but the ALJ found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers that plaintiff could perform. Accordingly, the ALJ found that plaintiff had not been under a disability through the date of his decision.

Plaintiff contends that the ALJ erred in not assigning controlling weight to the opinion of his treating physician, Dr. Patrone. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.*

In July 2010, Dr. Patrone, plaintiff's treating rheumatology and internal medicine physician, completed an RFC questionnaire. Tr. 440-45. Dr. Patrone opined that plaintiff's prognosis was poor, that he suffered from daily pain and reduced range of motion in his wrists and knees, and that he was incapable of performing even a low stress job. Dr. Patrone further opined that plaintiff was likely to absent from work as a result of his impairments more than four days per month and that plaintiff "cannot work." Tr. 443.

The ALJ's decision afford less than controlling weight to the opinion of plaintiff's treating physician is in this instance supported by substantial evidence. In assessing the opinion of Dr. Patrone, the ALJ afforded Dr. Patrone's opinion little weight because it contained an

3

opinion on disability that is reserved to the Commissioner and because Dr. Patrone's specific functional assessments were inconsistent with both the other medical evidence and plaintiff's appraisal of his own abilities. Tr. 29. Indeed, Dr. Patrone's own treatment notes reveal that with medication plaintiff reported occasional pain and intermittent swelling. Tr. 410-411. While in his RFC assessment Dr. Patrone noted the presence of synovitis in plaintiff's joints, his treatment notes from just months earlier note the absence of synovial hypertrophy, effusion, or increased warmth. Tr. 440; 477. Moreover, Dr. Patrone's RFC opinion notes that plaintiff can perform grasping turning, twisting, as well as fine manipulations with fingers 100% of the time during an eight-hour work day. Tr. 444. This appears to be inconsistent with an opinion that plaintiff cannot work, but is entirely consistent with the ALJ's finding that plaintiff could perform sedentary work with some additional limitations.

In addition to being internally inconsistent, Dr. Patrone's RFC is not consistent with the findings of Dr. Kumar, a consultative examiner. In October 2009, Dr. Kumar noted that plaintiff had only a slight decrease in sensation in his right hand and wrist, had full power in all extremities, mild crepitis, no edema, and that in light of plaintiff's abilities there was no need for a range of motion chart. Tr. 307. Even allowing for an increase in plaintiff's rheumatoid arthritis symptoms between 2009 and 2010, the ALJ's decision to afford only little weight to Dr. Patrone's RFC opinion remains supported by substantial evidence. Therefore, there was no error in the overall RFC determination and the ALJ's finding of not disabled is supported by substantial evidence.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE

4

22] is DENIED, defendant's motion for judgment on the pleadings [DE 24] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this ___15___ day of November, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5